UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN JOJIC,

                              Plaintiff,

                -vs-                                            13-CV-1006-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

---

APPEARANCES:   DENNIS A. CLARY, ESQ., Lewiston, New York, for Plaintiff

                         WILLIAM J. HOCHUL, JR., United States Attorney (DANIEL R. JANES, Special Assistant United States Attorney, of Counsel), Buffalo, New York, for Defendant.

This matter has been transferred to the undersigned for all further proceedings, by order of United States District Judge William M. Skretny dated April 23, 2015 (Dkt. No. 14).

Plaintiff Steven Jojic initiated this action on October 4, 2013, pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), by filing a complaint seeking judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits under Title II and Title XVI of the Act, respectively (Dkt. No. 1). The Commissioner has moved to dismiss the action as untimely for failure to commence the action within the sixty-day time limit of Section 405(g) (Dkt. No. 6).

For the reasons that follow, the Commissioner's motion to dismiss is granted.

## BACKGROUND

As alleged in the complaint, plaintiff filed applications for SSDI and SSI benefits on September 15, 2009 (Dkt. No. 1, ¶ 7). The applications were denied initially and on reconsideration, and a hearing was held on June 14, 2011, before Administrative Law Judge ("ALJ") Eric L. Glazer (*id.* at ¶¶ 7, 8). On August 30, 2011, ALJ Glazer issued a decision denying plaintiff's claim, and plaintiff sought review by the Appeals Council (*id.* at ¶¶ 8, 9). Plaintiff alleges that, "on July 29, 2013, the Appeals Council affirmed ALJ Glazer's decision, making that the final decision of the Commissioner" (*id.* at ¶ 9). As indicated above, this complaint in this action was filed on October 4, 2013.

In support of her motion to dismiss, the Commissioner has submitted the declaration of Patrick J. Herbst, Chief of the Social Security Administration Court Case Preparation and Review Branch/Office of Appellate Operations/Office of Disability Adjudication and Review (Dkt. No. 8). Mr. Herbst states that the notice of denial of plaintiff's request for review was sent to plaintiff by the Appeals Council's on July 23, 2013 (*see id.* at ¶ 3(a)), advising plaintiff of the right to seek judicial review by filing a civil action in federal court within 60 days from the date of receipt of the notice (*id.*). The Commissioner contends that the complaint must be dismissed as untimely under the statue of limitations of Section 405(g) because it was filed more than sixty days after plaintiff received notice of the Appeals Council's action.[1]

---

[1] Under Federal Rule of Civil Procedure 12(d), if "matters outside the pleadings are presented to and not excluded by the court" on a motion under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, plaintiff pleaded the date of the Appeals Council's decision (Dkt. No. 1, ¶ 9), and also attached the notice of decision from the Appeals Council to his affirmation in opposition to the motion to dismiss. Dkt. No. 10-1. Accordingly, there is no need to convert the defendant's motion to dismiss into a motion for summary judgment. *See Ware v.*

## **DISCUSSION**

Section 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Under the applicable Social Security regulations, "mailing" is interpreted as the date the individual receives notice of the Appeals Council's action, and the date of receipt is presumed to occur five days after the date of such notice absent a reasonable showing to the contrary by the claimant. 20 C.F.R. §§ 404.981 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."), 422.210(c) ("For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81-82 (2d Cir. 1984) ("[I]t is within the district court's jurisdiction to determine whether the 60 day statute of limitations has run and, in particular, whether the claimant has made a 'reasonable showing to the contrary' to rebut the presumption of receipt within five days of notice.").

---

*Astrue*, 2013 WL 444766, at *1 (S.D.N.Y. Feb. 6, 2013); *see also Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint ..., documents attached to the complaint as an exhibit or incorporated in it by reference ..., or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit.").

Read together, the statute and regulations give the claimant 65 days from the date of the notice of final decision to file suit in federal court. *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000). Because Section 405(g)'s statute of limitations is a condition to the government's waiver of sovereign immunity, "the limitations period must be strictly construed." *Liranzo v. Astrue*, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)), *aff'd sub nom. Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011). Thus, if the complaint is filed outside of this sixty-five day window, the court must dismiss the action. *Smith v. Comm'r of Soc. Sec.*, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (citing *Velez*, 229 F.3d at 1136)); *see also Reape v. Colvin*, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) ("Even a short delay in filing a complaint may require dismissal of the case."); *Courtney v. Colvin*, 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (case dismissed where complaint filed four days late); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (one day late); *Worthy v. Heckler*, 611 F. Supp. 271, 272 (W.D.N.Y. 1985) (two days late).

In this case, the Commissioner contends that the Appeals Council sent notice of its action denying plaintiff's request for review on July 23, 2013; that plaintiff is presumed to have received the notice on July 28, 2013 (five days later); and that the 60-day time limit for filing this lawsuit expired on September 26, 2013. The Commissioner makes reference to a copy of the Appeals Council's notice attached as "Exhibit 2" to the Herbst Declaration (*see* Dkt. No. 8, ¶ 3(a)); however, the court's search of the docket on the Case Management/Electronic Case Filing (CM/ECF) system reveals that the Herbst Declaration was apparently filed without the exhibits referenced therein attached. Instead, plaintiff has

-4-

submitted his copy of the Notice of Appeals Council Action ("Notice") which bears the date July 29, 2013 (Dkt. No. 10-1, p. 3). Based upon this submission, it is apparent that the Notice was sent to plaintiff on July 29, 2013, and plaintiff does not challenge the presumption that he received the Notice five days later, on August 3, 2013. Accordingly, even accepting plaintiff's allegations as true, and drawing all reasonable inferences in his favor, the 60-day time limit for filing this lawsuit expired on October 2, 2013, two days before the complaint in this action was filed.

The Second Circuit has acknowledged that the 60–day filing requirement is subject to equitable tolling, *see Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (citing *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)), and that, given the remedial purposes of the Social Security Act, equitable tolling of the limitations period is "not infrequently appropriate." *Id.* (quoting *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990). To obtain the benefit of this doctrine, however, plaintiff must demonstrate both extraordinary circumstances and due diligence–*i.e.*, "that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.' " *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Based on the information in the submissions on record, plaintiff has not done so.

In his opposing affirmation, plaintiff's counsel asserts that his attempts to timely file this action, or to obtain an extension of the time to do so, were hindered by the extraordinary circumstances of the federal government's temporary shutdown and furlough which began on Tuesday, October 1, 2013, after a divided Congress failed to approve a temporary spending bill. However, it is beyond dispute that this court remained open for

regular business–and CM/ECF remained fully operational– throughout the temporary shutdown, and plaintiff's counsel has provided no further information to indicate the existence of good cause for seeking a last minute extension of the time for filing the complaint.

Because plaintiff did not file his complaint within sixty days of his presumptive receipt of the Appeals Council notice, and has not made a sufficient showing of extraordinary circumstances and due diligence to justify equitable tolling, this action must be dismissed for failure to comply with the statute of limitations for seeking judicial review of the Commissioner's final decision, as set forth in 42 U.S.C. § 405(g).

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion to dismiss (Dkt. No. 6) is granted, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner, and to close the case.

So ordered.

                                        \s\ John T. Curtin
                                        JOHN T. CURTIN
                                United States District Judge

Dated: October 26, 2015